**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000666
18-DEC-2017
10:36 AM**

NO. CAAP-17-0000666

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KAWIKA FRANCO, Individually and as Personal Representative
for the Estate of TIARE FRANCO; PEACHES' KONG AND APPLES ELABAN,
as Next Friends of LOVELY FRANCO (Minor); TAUA GLEASON,
as Next Friend of KOLOMANA KONG KANIAUPIO GLEASON AND
KAULANA KONG KANIAUPIO GLEASON (Minors); and CHERYL RUSSELL,
as Next Friend of JEANNE RUSSELL (Minor),
Plaintiffs-Appellants,
v.
SABIO REINHARDT and JOSIAH OKUDARA,
Defendants-Appellants,
and
JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10;
and DOE GOVERNMENTAL ENTITIES 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0458(1))

ORDER GRANTING SEPTEMBER 20, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING AS MOOT ALL OTHER PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-17-0000666
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Defendant/Cross-Claim Plaintiff/
Appellee Sabio Reinhardt's ("Reinhardt") September 20, 2017
motion to dismiss appellate court case number CAAP-17-0000666 for
lack of appellate jurisdiction, (2) the lack of any memorandum by
Plaintiffs-Appellants Kawika Franco, Estate of Tiare Franco,

Peaches Kong, Apples Eleban, Lovely Franco, Taua Gleason, Kolomana Kong Kaniaupio Gleason, Kaulana Kong Kaniaupio Gleason, Cheryl Russell, and Jeanne Russell ("the Appellants") in response to Reinhardt's September 20, 2017 motion, and (3) the record on appeal that the circuit court clerk filed on November 8, 2017, it appears that the circuit court has set aside the final judgment in this case, and, consequently, we lack appellate jurisdiction over the Appellants' appeal from the following two interlocutory orders that the Honorable Rhonda I.L. Loo filed in Civil No. 12-1-0458(1):

> (1) the September 6, 2017 "Order Granting Defendant Sabio Reinhardt's Motion to Set Aside Final Judgment Filed on May 18, 2016 and Order Granting Plaintiffs' Motion for Taxation of Costs and Pre-Judgment Interest Filed on July 28, 2016 and for New Trial Filed on May 16, 2017" (hereinafter "the September 6, 2017 order setting aside judgment and granting a new trial"); and

> (2) the September 6, 2017 "Order Denying Plaintiffs' Motion to Disqualify Counsel Filed on June 15, 2017" (hereinafter "the September 6, 2017 order denying the motion to disqualify counsel").

We initially note that

> [j]urisdiction is the base requirement for any court resolving a dispute because without jurisdiction, the court has no authority to consider the case. . . . With regard to appeals, the remedy by appeal is not a common law right and exists only by virtue of statutory or constitutional provision. . . . Therefore, the right of appeal is limited as provided by the legislature and compliance with the methods and procedure prescribed by it is obligatory.

Korean Buddhist Dae Won Sa Temple of Hawai'i v. Concerned Citizens of Pālolo, 107 Hawai'i 371, 380, 114 P.3d 113, 124 (2005) (citations, internal quotation marks and brackets omitted). Hawaii Revised Statutes ("HRS") § 641-1(a) (2016) is the primary statutory authority for appeals from civil circuit court final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this

requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

The circuit court's May 18, 2016 final judgment resolved all claims as to all parties by entering judgment in favor of the Appellants and against Reinhardt as to the Appellants' cause of action for negligence, and expressly dismissing any and all remaining claims. Therefore, the May 18, 2016 final judgment was initially an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins. However, no party asserted a timely appeal from the May 18, 2017 final judgment.

Instead, the Appellants seek appellate review of the following two post-judgment orders: (1) the September 6, 2017 order setting aside judgment and granting a new trial, and (2) the September 6, 2017 denying the motion to disqualify counsel. Granted, when the record contains a valid, appealable final judgment, a "post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). "[T]he separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Id. at 158, 80 P.3d at 979.

> Clearly, the rule in Jenkins – to wit, that circuit court orders resolving claims against parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken – is limited to circuit court orders disposing of claims raised in a circuit court complaint.

Id. at 159, 80 P.3d at 980. "Accordingly, the time for appealing the matters conclusively decided by the . . . [post-judgment] order commenced upon entry thereof, not upon entry of the

superfluous . . . judgment on the [post-judgment] order." Id. at 159-60, 80 P.3d at 980-81. For example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981.

"Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Ditto, 103 Hawai'i at 157, 80 P.3d at 978. Thus, for example, in an appeal from a post-judgment proceeding in a civil circuit court case, the Supreme Court of Hawai'i held that an order denying a post-judgment motion to quash a garnishee summons was not an appealable post-judgment order because such an order did not finally determine and end that particular post-judgment proceeding:

> In this case, the circuit court's denial of Garnishees' motion to quash the garnishee summons is not a final order, but simply an interlocutory step in the garnishment process. It did not terminate the garnishment proceedings. Nor did it finally adjudicate the rights of any party. To the contrary, the order perpetuated the proceedings. It determined that the summons was properly issued which enabled the proceedings to continue.
>
> Consequently, the order left pending several issues regarding the ultimate fate of the preserved funds. Further proceedings are needed to determine whether Garnishees have a right to setoff; whether there are conflicting claims to the funds; and whether the funds may be applied to satisfy the underlying judgment. These determinations were to be made at the garnishee proof hearing which was scheduled, but never heard.
>
> This appeal is premature and we dismiss for lack of jurisdiction.

Familian Northwest, Inc. v. Central Pacific Boiler & Piping, Ltd., 68 Haw. 368, 370, 714 P.2d 936, 938 (1986) (footnote omitted).

As already stated, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Ditto, 103 Hawai'i at 160, 80 P.3d at 981 (citation omitted). But, that is because, under those circumstances, the record contains a valid judgment through

which the circuit court resolved all claims as to all parties, and the post-judgment order denying the motion for post-judgment relief under HRCP Rule 60(b) has finally determined all of the issues in the post-judgment proceeding, leaving nothing further to be accomplished.  In contrast, however, "[w]hen, as in most cases, an order granting a Rule 60(b) motion merely vacates the judgment and leaves the case pending for further determination, the order is akin to an order granting a new trial and, in most instances, is interlocutory and nonappealable."  12 James Wm. Moore et al., Moore's Federal Practice § 60.68[2], at 60-233 (3d ed. 2017) (footnote omitted).  In other words, "[a]n order granting a motion under Rule 60(b) and ordering a new trial is purely interlocutory and not appealable, although on appeal from a judgment entered after the new trial the appellate court will review whether it was error to have reopened the first judgment."  11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2871 at 589-90 (3d ed. 2012 & Supp. 2016) (footnotes omitted).  Although Moore's Federal Practice and Federal Practice and Procedure analyze Rule 60(b) of the Federal Rules of Civil Procedure (FRCP), the Supreme Court of Hawaiʻi has noted that it patterned HRCP Rule 60(b) after FRCP Rule 60(b), "and where we have patterned a rule within the HRCP after an equivalent rule within the FRCP, interpretations of the rule by the federal courts are deemed to be highly persuasive in the reasoning of this court."  Kawamata Farms, Inc. v. United Agri Products, 86 Hawaiʻi 214, 255, 948 P.2d 1055, 1096 (1997).

Thus, for example, under analogous circumstances involving post-judgment relief under HRCP Rule 59 rather than HRCP Rule 60(b), "[a]fter judgment for plaintiffs pursuant to a jury verdict, [and] defendants were granted a new trial, and plaintiffs appealed[,]" the Supreme Court of Hawaiʻi dismissed the appeal for lack of appellate jurisdiction because the case was, in effect, still pending before the circuit court and "[t]here was no application for or allowance of the appeal by the

court below." Morneau v. Kaiser Foundation Hospitals, 48 Haw. 534, 534, 404 P.2d 899, 899 (1965) (footnote omitted).

> [W]hen a motion for new trial is filed there is no opportunity to appeal unless the outcome is a denial of the motion with the consequent reaffirmation of the judgment, whereupon the appeal lies from the judgment. If a new trial is granted and the judgment consequently is set aside there is no final judgment from which to appeal. 6 Moore, Federal Practice, § 59.15(1), at 3896 (2d ed.).

Id. at 536, 404 P.2d at 900 (emphasis added; footnote omitted). "[T]he grant of a new trial does not [automatically substitute a new judgment], and hence is not appealable as of right." Id. "[U]nder the Hawaii Rules of Civil Procedure, an order granting a new trial is deemed interlocutory[.]" Id. at 536 n.3, 404 P.2d at 900 n.3. In response to an argument that the circuit court had erred by entering the order setting aside the judgment and granting a new trial, the Morneau court explained that, "[w]hen and if the order for new trial comes before us for review [by way of a timely appeal from a future amended judgment,] we will have occasion to consider such contentions, but not at this time." Id. at 537, 404 P.2d at 901. "An order dismissing the appeal will be signed on presentation." Id.

Similarly in the instant case, although the May 18, 2016 final judgment was initially an appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins, the circuit court invoked its authority under HRCP Rule 60(b) to set aside, and, thus, invalidate the May 18, 2016 final judgment by way of the September 6, 2017 order setting aside judgment and granting a new trial. Because the circuit court invoked HRCP Rule 60(b) and set aside the May 18, 2016 final judgment, the rights of the parties involved remain undetermined, the entire matter in Civil No. 12-1-0458(1) is retained by the circuit court for a new trial that has not yet taken place, and the September 6, 2017 order setting aside judgment and granting a new trial is, in effect, an interlocutory and non-final order. See Morneau, 48 Haw. at 536, 404 P.2d at 900. In other words, the proceeding that Reinhardt initiated by

way of his May 16, 2017 post-judgment HRCP Rule 60(b) motion to set aside the May 18, 2016 final judgment has now left the rights of a parties undetermined, and, by setting aside the May 18, 2016 final judgment and ordering a new trial in Civil No. 12-1-0458(1), the circuit court has effectively retained this entire matter for further action, and, thus, the September 6, 2017 order setting aside judgment and granting a new trial does not qualify an appealable final post-judgment order. Ditto, 103 Hawai'i at 157, 80 P.3d at 978; Familian Northwest, Inc., 68 Haw. at 370, 714 P.2d at 938. Upon entry of a future amended judgment, any aggrieved party will be able to obtain appellate review of the September 6, 2017 order setting aside judgment and granting a new trial by way of a timely appeal from the future amended judgment under the principle that "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted); see, e.g., Morneau, 48 Haw. at 537, 404 P.2d at 901 ("When and if the order for new trial comes before us for review [by way of a timely appeal from a future amended judgment,] we will have occasion to consider such contentions, but not at this time."). In the absence of a valid appealable final judgment, the September 6, 2017 order setting aside judgment and granting a new trial is not an appealable final post-judgment order under HRS § 641-1(a). Cf. Bailey v. DuVauchelle, 135 Hawai'i 482, 491, 353 P.3d 1024, 1033 (2015) ("Absent an underlying appealable final judgment, the circuit court's rulings on a purported Rule 60(b) motion are interlocutory and not appealable until entry of such a judgment." (Citations omitted)).

Likewise, in the absence of an appealable final judgment, the September 6, 2017 denying the motion to disqualify counsel is not an appealable final post-judgment order under HRS § 641-1(a), because this order is merely a component part of the

ongoing proceedings that are leading up to the new trial, and the Supreme Court of Hawai'i has consistently held "that orders denying disqualification are interlocutory and hence not appealable as of right under the rule[.]" Chuck v. St. Paul Fire and Marine Insurance Company, 61 Haw. 552, 556, 606 P.2d 1320, 1323 (1980) (citation omitted); Wong v. Fong, 60 Haw. 601, 604, 593 P.2d 386, 389 (1979). An order granting or denying a motion to disqualify a party's counsel "d[oes] not determine the merits of the case, and it can be final for the purpose of appeal only if it comes within the collateral order doctrine[.]" Gomes v. Kauwe's Heirs, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970) (citation omitted; emphasis added; holding that an order denying a motion to disqualify counsel is not appealable as a matter of right); Chuck, 61 Haw. at 556-57, 606 P.2d at 1323-24 (holding that an order granting a motion to disqualify counsel is not appealable as a matter of right). When analyzing whether the collateral order doctrine applied to an order denying disqualification of counsel, the Supreme Court of Hawai'i has primarily focused on the third requirement of the collateral order doctrine, i.e., that the order denying disqualification must be effectively unreviewable on appeal from a final judgment:

> In this case, we do not think that appellants will suffer immediate and irreparable injury by a denial of their appeal. If the circuit court erred, that question may be raised on appeal from judgment on the merits. . . . To allow appeals from all orders denying disqualification of attorneys will invite delay by piecemeal appeals.

Gomes, 52 Haw. at 127, 472 P.2d at 120 (citations omitted; emphasis added). Thus, with respect to interlocutory orders adjudicating motions to disqualify counsel, the Supreme Court of Hawai'i has determined that, instead of an interlocutory appeal, "a petition for a writ of mandamus and/or prohibition is an appropriate vehicle for reviewing an order of disqualification." Straub Clinic & Hospital v. Kochi, 81 Hawai'i 410, 414, 917 P.2d 1284, 1288 (1996) (citation omitted).

Absent an appealable final judgment, we lack appellate jurisdiction under HRS § 641-1(a), and the Appellants' appeal is premature.

Therefore, IT IS HEREBY ORDERED that Reinhardt's September 20, 2017 motion to dismiss appellate court case number CAAP-17-0000666 for lack of appellate jurisdiction is granted, and appellate court case number CAAP-17-0000666 is dismissed.

IT IS FURTHER HEREBY ORDERED that all other pending motions in appellate court case number CAAP-17-0000666 are dismissed as moot.

DATED: Honolulu, Hawai'i, December. 18, 2017.

Chief Judge

Associate Judge

Associate Judge